**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>                Plaintiff,<br><br>        vs.<br><br>**EARL WINDHAM**<br><br>                Defendant. | **CASE NUMBER: 2:15CR45-001**<br>**USM Number: 14158-027**<br><br>**KERRY C CONNOR**<br>**DEFENDANT'S ATTORNEY** |

**JUDGMENT IN A CRIMINAL CASE**

**THE DEFENDANT** pleaded guilty to counts 1,2,3,5,7,9,11 of the Indictment on 10/20/2015.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offenses:

| **Title, Section & Nature of Offense** | **Date Offense Ended** | **Count Number(s)** |
|---|---|---|
| 18:1951  ROBBERY and 18:2 AIDING AND ABETTING | December 8, 2014 | 1 |
| 18:1951  ROBBERY and 18:2 AIDING AND ABETTING | March 6, 2015 | 11 |
| 18:924 (c) POSSESSION AND USE OF A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE and 18:2 AIDING AND ABETTING | December 8, 2014 | 2 |
| 18:1951  ROBBERY and 18:2 AIDING AND ABETTING | January 5, 2015 | 3 |
| 18:1951  ROBBERY and 18:2 AIDING AND ABETTING | January 10, 2015 | 5 |
| 18:1951  ROBBERY and 18:2 AIDING AND ABETTING | January 19, 2015 | 7 |
| 18:1951  ROBBERY and 18:2 AIDING AND ABETTING | March 5, 2015 | 9 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 4, 6, 8, 10 and 12 of the Indictment are DISMISSED on the motion of the United States.

**IT IS ORDERED** that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

| | |
|---|---|
| March 1, 2016 | |
| Date of Imposition of Judgment | |
| s/ Philip P. Simon | |
| Signature of Judge | |
| Philip P. Simon, Chief United States District Judge | |
| Name and Title of Judge | |
| March 9, 2016 | |
| Date | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 56 months on each of counts 1,3,5,7,9 and 11 to be served concurrently with each other.  Additionally, a term of 60 months is imposed on count 2 to be served consecutively to the terms imposed on counts 1,3,5,7,9 and 11, for a total term of 116 months.

The Court makes the following recommendations to the Bureau of Prisons:

1. That Earl Windham be evaluated for placement in an educational program designed for inmates who have special education needs.

2. That the defendant be evaluated and placed in a program for vocational training.

3. That the defendant be placed in a facility as close to Indianapolis, Indiana as possible to permit him to have visitation with family.

4. That Earl Windham be granted administrative release to community corrections as soon as feasible under the Second Chance Act to permit him to receive the maximum benefit of transition to and reintegration into the community after incarceration.

The defendant is REMANDED to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

    Defendant delivered _____ to _____ at _____,
with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **2 years** on each of counts 1, 2, 3, 5, 7, 9 and 11, to be served concurrently.

Within 72 hours after the defendant's release from the custody of the Bureau of Prisons, the defendant shall report in person to the nearest United States Probation Office for this district between the hours of 8:00 a.m. and 4:30 p.m. While the defendant is on supervision pursuant to this judgment, the defendant shall comply with the following conditions:

## MANDATORY CONDITIONS OF SUPERVISION

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully use, possess or distribute a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two (2) periodic drug tests thereafter for use of a controlled substance.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

## DISCRETIONARY CONDITIONS OF SUPERVISION

Further, the defendant shall comply with the following **discretionary conditions**:

1. The defendant shall not knowingly leave the judicial district without the permission of the court or probation officer.

2. The defendant shall report to the probation officer as directed by the court or probation officer.

3. The defendant shall not answer falsely any inquiries by the probation officer and shall follow the instructions of the probation officer as they relate to the conditions as imposed by the court. However, a defendant may always refuse to answer any question if the defendant believes that a truthful answer may incriminate him.

4. The defendant shall make reasonable efforts to maintain employment at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons such as child care, elder care, disability, age or serious health condition.

5. The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment. In the event the defendant is involuntarily terminated from employment or evicted from a residence the offender must notify the probation officer within 48 hours.

6. The defendant shall not knowingly and intentionally be in the presence of anyone who is illegally selling, using or distributing a controlled substance and is such activity commences when he is present he must immediately leave the location.

7. The defendant shall not meet, communicate or otherwise interact with a person whom he knows to be engaged or planning to be engaged in criminal activity.

8. The defendant shall permit a probation officer to visit him at any time at home between the hours of 8:00 a.m. and 10:00 p.m. and shall permit confiscation of any contraband observed in plain view by the probation officer.

9. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.

10. The defendant shall not enter into any agreement to act as an informant for a law enforcement agency without the permission of the court. He is permitted to do this but he simply needs court approval to do that.

11. The defendant shall notify the probation officer of any material change in economic circumstances that might affect his ability to pay any unpaid amount of restitution and fines.

12. The defendant shall refrain from possessing a firearm, destructive device or other dangerous weapon.

5

13. The defendant shall participate in a program approved by the United States Probation Office for substance abuse if necessary after an evaluation at the time of his release. The defendant will have to pay for costs of the participation in this program but not to exceed his ability to pay for it.

14. The defendant shall participate in a GED preparation course and use his best efforts to obtain a GED within the first year of supervision. He will have to pay for the costs of the course but not to exceed his ability to pay for it. Failure to pay shall never be grounds for revocation.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $700.00 | NONE | $2,476.49 |

The defendant shall make the special assessment payment payable to Clerk, U.S. District Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320. The special assessment payment shall be due immediately.

## FINE

No fine imposed.

## RESTITUTION

Restitution in the amount of $2,476.49 is hereby imposed. The restitution is due in full immediately. If this amount cannot be paid immediately then payments of $50.00 per month are imposed.

The defendant shall make restitution payments to the Clerk of the Court, 5400 Federal Plaza, Suite 2300, Hammond, IN 46320, for the following payees in the amounts listed below.
The restitution shall be joint and several with the persons involved in these crimes.

.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Rich's Gas Station | $1,364.14 |
| Dollar General | $1,072.35 |
| Clerk at Rich's Gas Station | $40.00 |
| **Totals** | $2,476.49 |

Name: <u>EARL WINDHAM</u>
Docket No.: <u>2:15CR45-001</u>

## ACKNOWLEDGMENT OF SUPERVISION CONDITIONS

    Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

    I have reviewed the Judgment and Commitment Order in my case and the supervision conditions therein. These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)

_____     _____
Defendant                                                          Date


_____     _____
U.S. Probation Officer/Designated Witness        Date